UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERBERT STEWART PENROSE,<br><br>Plaintiff,<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST HARBOR VIEW MORTGAGE LOAN TRUST 2005-8, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-00064-MMD-WGC<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Herbert Stewart Penrose brings a third action in this Court to prevent nonjudicial foreclosure of residential property located at 3285 Lymbery Street, Reno, NV, 89509 ("Property").[1] Before the Court are (1) Defendants' motion to dismiss (the "MTD") (ECF No. 7)[2]; and (2) Plaintiff's a motion for summary judgment (the "MSJ"). (ECF No. 13.) The Court will grant the MTD and deny the MSJ as moot.[3]

---

[1] *See Penrose v. First Magnus Fin. Corp.*, Case No. 3:18-cv-276-RCJ-VPC, 2018 WL 3550249, at *1 (D. Nev. July 24, 2018) (dismissing Plaintiff for lack of standing to assert certain claims regarding the Property); *Penrose v. First Magnus Fin. Corp.*, Case No. 3:18-cv-00576, ECF No. 12 (dismissing Plaintiff's claims on res judicata grounds). Plaintiff also brought an action to prevent nonjudicial foreclosure at another nearby residential property located at 3275 Lymbery Street, Reno, NV, 89509. *See Penrose v. Quality Loan Serv. Corp.*, Case No. 3:19-cv27-MMD-CBC, 2019 WL 1338393, at *1 (D. Nev. Mar. 25, 2019).

[2] Defendants are U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Pass-Through Certificates, Series 2005-8 ("US Bank") and Nationstar Mortgage, LLC dba Mr. Cooper ("Nationstar") (collectively, "Defendants"). US Bank was erroneously sued as "U.S. Bank National Association as Trustee for Securitized Trust Harbor View Mortgage Loan Trust 2005-8.

[3] The Court has also reviewed the parties' briefs relating to their respective motion. (ECF Nos. 12, 14, 15.)

## II. BACKGROUND

The facts of this case are taken from documents in the public record, unless otherwise indicated.[4]

Non-party Randall G. Sotka obtained a loan from First Magnus Financial Corporation that was secured by a deed of trust ("DOT") recorded against the Property. (ECF No. 7-1 at 2-3.) Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the beneficiary under the DOT, as a nominee for the lender and lender's successors and assigns. (*Id.* at 3.) The DOT underwent a series of assignments from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP (ECF No. 7-7); US Bank (ECF No. 7-8); Nationstar (ECF No. 7-9); and then back to US Bank on November 10, 2016 (ECF No. 7-10).

Sotka recorded quitclaim deeds to Master RE, LLC and Randall G. Sotka as Trustee of Randall G. Sotka Revocable Living Trust. (ECF No. 7-2.) On July 19, 2007, Master RE, LLC recorded a grant, bargain, sale deed in favor of Plaintiff. (ECF No. 7-3.) Because Sotka defaulted on his loan, a notice of breach and default and of election to cause sale of real property was recorded against the Property on February 22, 2017. (ECF No. 7-11.) Another notice of default was recorded on January 3, 2018. (ECF No. 7-12.) On May 21, 2018, a foreclosure mediation program certificate (ECF No. 7-13) and a notice of trustee's sale (ECF No. 7-14) were recorded.

In this case, Plaintiff alleges that he "witnessed the wrongful foreclosure of two (2) homes that were illegal foreclosed on (2018 and 2019)." (ECF No. 1-1 at 8.) The Complaint discusses the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and two state criminal statutes, NRS §§ 199.480 and 207.400. (ECF No. 101 at 6-8.) The

---

[4]The Court takes judicial notice of the exhibits cited in this section (ECF Nos. 7-1, 7-2, 7-3, 7-7, 7-8, 7-9, 7-10, 7-11, 7-12, 7-13) as recorded with the Washoe County Recorder and are thus matters within the public record. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

Complaint's caption references various claims: lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, and declaratory relief. (*Id.* at 6.) Attached to the Complaint is a payment schedule made on the Property (ECF No. 1-1 at 10-24) and a Statute of Limitations chart (*id.* at 8; *see also* ECF No. 12 at 1).

### III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims

in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

When a court grants a motion to dismiss, it must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**IV. DISCUSSION**

Defendants argue that the Court previously deemed Plaintiff a vexatious litigant and required him to seek this Court's approval before filing the current action, therefore the Court should dismiss the Complaint for Plaintiff's failure to comply. (ECF No. 7 at 6-7 (citing to *Penrose v. Quality Loan Serv. Corp.*, Case No. 3:19-cv-27-MMD-CBC, 2019 WL 2494566, at *2 (D. Nev. June 14, 2019).) Setting aside the fact that Defendants cite to a case involving a different residential property, "the instant action was filed in state court and removed by the federal defendants to federal court. Plaintiff was not required to seek approval prior to filing this action in state court." (*See* ECF No. 1-1.) *Ryan v. Hyden*, No. 13cv0090 JAH (KSC), 2014 WL 12798574, at *11 (S.D. Cal. Mar. 25, 2014).

Nevertheless, the Court will dismiss the Complaint because it woefully falls short of Rule 8's basic pleading requirements. As Defendants pointed out, the Complaint is devoid of any factual detail that explains how or when Defendants committed a violation. (ECF No. 7 at 7.) Furthermore, the Complaint's discussions on and references to various statutes and claims are too conclusory. The Court also finds that Plaintiff has failed to state a claim under Rule 12(b)(6)—Plaintiff has not shown that he has private right of action under NRS §§ 199.480 or 207.400, which are criminal statutes, and he has failed to allege an enterprise or racketeering activity necessary to sustain a RICO violation. (ECF No. 7

4

1 at 7.) *See Ove v. Gwinn,* 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)); *see also Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (holding that the district court erred in supplying an essential element of a claim that was not initially pled). For the foregoing reasons, the Court will dismiss the Complaint without leave to amend because amendment would be futile.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 7) is granted. This action is dismissed with prejudice.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 13) is denied as moot.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 30th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE